## Commonwealth ex rel. Mahon
## v. Mastrofrancesco

*Richard A. Faltenovich,* for relator.
*Robert J. Taylor,* for respondent.

KLEIN, *J.*, March 24, 1975—We have before us a petition for writ of habeas corpus. Relator is confined in the Beaver County jail as a result of proceedings under the Civil Procedural Support Law of July 13, 1953, P.L. 431, 62 P.S. §2043.31, et seq.

Relator is defendant in support proceedings at no. 215 of 1970 in the Domestic Relations Division of this court. A series of orders have been made requir-

ing relator to pay support, originally for a wife and children and, most recently, the order of support has been modified to require payment of support for two children only. It is undisputed that defendant is in arrears on said support payment in an amount in excess of $5,000. It is equally certain that relator's failure to comply with the support order has been willful.

Relator himself testified in the habeas corpus hearing, as he did in the domestic relations hearing held on March 13, 1975, that he has not complied with the support order because he has been unemployed most of the time. He conceded that he had obtained several good, well-paying jobs during this period and that he lost each job because of chronic absenteeism. He further admitted that the absenteeism resulted from his voluntary intoxication.

The thrust of the instant petition is that relator has never been found in contempt of court in a valid procedure. Defendant relies primarily upon the case of Commonwealth ex rel. Magaziner v. Magaziner, 434 Pa. 1, 253 A. 2d 263 (1969). However, the Magaziner case is inapposite on its facts. Magaziner deals with the failure to comply with an order dealing with the right to possession of personal property as between a divorced couple.

The matter of contempt of court in this instance is governed by statute. The Civil Procedural Support Law, supra, as amended, contains three sections dealing with contempt of court and incarceration as follows, sections 2043.36, 2043.38(a) and 2043.39(a) and (b).

An analysis of these sections reveals that in all counties (except counties of the first class):

(a) A person duly served with a complaint and order who fails to appear may be attached and

brought before a court; and the court may adjudge said person in contempt and, in its discretion, commit such person to the county jail for a period not exceeding six months; and

(b) At all stages of proceedings, the court may compel attendance, by attachment process, a person who has failed to appear as ordered and adjudge such person in contempt and commit up to six months; and

(c) The court may commit a person to jail upon any willful failure to comply with a support order.

The last section cited, 2043.39, provides that any willful failure to comply *may be deemed* a contempt of court. No hearing is required by the statute, except in counties of the first class.

Petitioner has not alleged, and, in hearing, did not seek to establish, that his failure to comply was anything but willful. On the contrary, the allegations of fact and relator's testimony are bases for concluding that relator's failure to comply is and has been willful.

Although the cited sections do not require "hearings" except in counties of the first class, we, nevertheless, conclude that the court must have some basis, in the record or advanced before the court orally, to sustain as valid any incarceration under these sections.

For these reasons, we make the following

## ORDER

And now, March 24, 1975, it is ordered, adjudged and decreed that the petition for the discharge of relator, Richard Mahon, be, and it is hereby, denied.